United States Courts
Southern District of Texas
F I L E D

SEP 29 2023

Nathan Ochsner, Clerk of Court

Scott Brown, *Pro Se*
9616 South 244th Place
Kent, Washington, 98030-0716
Telephone: 206-351-9913
Email: scottbrownrei@gmail.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| SCOTT BROWN, *Pro Se* | Civil Action No.: 3:23-CV-00300 |
| Plaintiff, | |
| - against - | |
| CALVIN CECIL CARRINGTON, | |
| LAZARA CARRINGTON, | **DEMAND FOR JURY TRIAL** |
| MICHAEL MOORE, | |
| JEFFREY L. MILLER | |
| Defendants | |

### FIRST AMENDED COMPLAINT

Pursuant to Honorable Magistrate Judge Andrew M. Edison's ORDER FOR CONFERENCE AND DISCLOSURE OF INTERESTED PARTIES (ECF Doc. No. 2), I, respectfully, submit for filing my First Amended Complaint, in which I removed the following Defendants: Overture LLC, John Carrington, and Velma Carrington. I allege as follows:

# PETITION FOR TRESPASS TO TRY TITLE PURSUANT TO TEXAS CODE TITLE 4 CHAPTER 22 AND FOR COMPENSATORY, PUNITIVE, RESTITUTIONAL, AND OTHER DAMAGES FOR THE UNAUTHORIZED USE, OCCUPATION AND ENGAGEMENT OF GAS, ENERGY, TIMBER AND OTHER MINERAL OPERATIONS

I, Scott Brown, state as follows for my Petition against the aforementioned Defendants:

## Preliminary Statement

1. This is a Trespass to Try Title action pursuant to Texas Code Title 4 Chapter 22, and for damages for the unauthorized use, occupation, and engagement of gas, energy, timber, and other mineral operations, arising from the fact that I am a direct heir of patentee, Zachariah Godfrey. As a result, I have succeeded to his ownership of the Texas Land Patent Document Number 221, Volume 39, issued October 17, 1871. As a direct heir of Zachariah Godfrey, the language of the said portion of Zachariah Godfrey land patent that proves that my title is good against the world, as an unbroken chain of title exists directly from the issuing Sovereign directly to me as an heir states: *"...In the name of the State of Texas, To all to whom these presents shall come KNOW YE I, Edmund J. Davis, Governor of the State aforesaid by virtue of the power vested in me by law and in accordance with the laws of said State in such case made and provided do by these present GRANT TO Zachariah Godfrey, his heirs or assigns forever One Hundred and Sixty acres of Land..."*

2. **GENEALOGICAL BREAKDOWN**

- **ZACHARIAH GODFREY.**, born 1822; married **MARTHA MAYES**, born 1824

  ➢ Issue: **JOSEPH C. GODFREY.**, born 1843
  - **JOSEPH C. GODFREY.**, born 1843; married **SALLY (SARAH) COOPER**, born 1836
  ➢ Issue: **MARY ELLA GODFREY**, born 1863

  - **MARY ELLA GODFREY**, born 1863; married **WILLIAM BANKS**, born 1860

  ➢ Issue: **THOMAS BANKS.**, born 1883

  - **THOMAS BANKS.**, born 1883; married **EMMA SIMS**, born 1887

  ➢ Issue: **VAN HERBERT BANKS.**, born 1914

  - **VAN HERBERT BANKS.**, born 1914; married **MATTIE HELEN MARSHALL**, born 1925
  ➢ Issue: **SANDRA FAY BANKS**, born 1943

    - **SANDRA FAY BANKS**, born 1943; married **ROBERT JOSEPH ALLEN**, born 1937

  ➢ Issue: **LIDO RAYNA ALLEN**, born 1960

  ➢ Issue: **SCOTT BROWN**, born 1984

(True and correct copies of my genealogical records are part of my Affidavit, which is recorded at Chambers County Deeds Office).

3. Accordingly, I am the fee simple owner of the aforementioned Texas Land Patent Document Number 221, Volume 39, issued October 17, 1871, and claim the right to possession of tracts of land, both surface and subsurface, situated in Chambers County, containing 160 acres, more or less, and being more particularly described as follows: *In Chambers County on the waters of Double Bayou about 12 miles South 37 Degrees East, from Wallisville by virtue of his affidavit made before the District Clerk in and for said County dated June 19th 1871, Beginning at the most Western corner of R.E. Booth; survey of a league of land a mound and stake from which a sweet gum 24 inches in diameters, marked R.E.B. bears South 44 Degrees East, 25 var. as dist. A Post Oak 20 inches in diameter marked R.E.B. bears South 54 Degrees West 5 Var. as dist. Thence North 57 Degrees East with said Booths line at 475 var. as a Bayou 2 var. wide course South East 1450 var. as a mound and stake. Thence North 55 Degrees West 672 var. to a Stake for Corner. Thence South 57 Degrees West 1450 var. as to a Stake for Corner. Thence South 55 Degrees East 672 var. to the beginning. Hereby relinquishing to him the said Zachariah Godfrey and his heirs or assigns forever all the rights and title in and to said land heretofore held and possessed by the said State and I do hereby issue this Letter Patent for the same. In testimony whereof I have caused the seal of the State to be affixed*

*as well as the seal of the General Land Office. Done at the City of Austin on the Seventeenth Day of October in the Year of Our Lord One Thousand Eight Hundred and Seventy One;* that the Defendants wrongfully deprived me of possession thereof, for which damages amounting over $75,000 dollars are here demanded and to be proven at trial. In addition, I demand of the Defendants compensatory, restitution, and punitive damages for the unauthorized use and engagement of timber and/or mineral operations and for the unauthorized occupation of my lands.

## JURISDICTION AND VENUE

4. Personal jurisdiction over the Defendants is appropriate because they claim a legal interest in the Texas real property that is the subject of this action.

5. This Court has diversity jurisdiction of this matter under 28 U.S.C. §1332 because this is a civil action between citizens of different states and the amount in controversy is greater than $75,000.

6. Venue is proper in this Court because the real property at issue is situated within this District, in Chambers County, Texas.

## Parties

7. At the commencement of this action and at all times hereinafter mentioned, Plaintiff Scott Brown was and is a natural person, a citizen of the United States, and a resident of King County Washington.

8. At the commencement of this action and at all times hereinafter

mentioned, individual Defendant Calvin Cecil Carrington, as of September 2023, was and is a natural person, a citizen of the United States, and a resident of the State of Texas.

9. At the commencement of this action and at all times hereinafter mentioned, individual Defendant Lazara Carrington as of September 2023, was and is a natural person, a citizen of the United States, and a resident of the State of Texas.

10. At the commencement of this action and at all times hereinafter mentioned, individual Defendant Michael Moore as of September 2023, was and is a natural person, a citizen of the United States, and a resident of the State of Texas.

11. At the commencement of this action and at all times hereinafter mentioned, individual Defendant Jeffrey L. Miller as of September 2023, was and is a natural person, a citizen of the United States, and a resident of the State of Texas.

## STATEMENT OF FACTS

12. This action concerns real property, located within Chambers County, Texas, based upon a Texas State land patent, pursuant to the Preemption Acts of November 12th, 1866 and March 24, 1871. The said land patent was issued to my direct ancestor, Zachariah Godfrey, of which I have succeeded to his ownership. The description of the land is as follows:

*In Chambers County on the waters of Double Bayou about 12 miles South*

*37 Degrees East, from Wallisville by virtue of his affidavit made before the District Clerk in and for said County dated June 19th 1871, Beginning at the most Western corner of R.E. Booth; survey of a league of land a mound and stake from which a sweet gum 24 inches in diameters, marked R.E.B. bears South 44 Degrees East, 25 var. as dist. A Post Oak 20 inches in diameter marked R.E.B. bears South 54 Degrees West 5 Var. as dist. Thence North 57 Degrees East with said Booths line at 475 var. as a Bayou 2 var. wide course South East 1450 var. as a mound and stake. Thence North 55 Degrees West 672 var. to a Stake for Corner. Thence South 57 Degrees West 1450 var. as to a Stake for Corner. Thence South 55 Degrees East 672 var. to the beginning. Hereby relinquishing to him the said Zachariah Godfrey and his heirs or assigns forever all the rights and title in and to said land heretofore held and possessed by the said State and I do hereby issue this Letter Patent for the same. In testimony whereof I have caused the seal of the State to be affixed as well as the seal of the General Land Office. Done at the City of Austin on the Seventeenth Day of October in the Year of Our Lord One Thousand Eight Hundred and Seventy One;*

*…Hereby relinquishing to him the said Zachariah Godfrey and his heirs or assigns forever all the rights and title in and to said land heretofore held and possessed by the said State and I do hereby issue this Letter Patent for the same. In testimony whereof I have caused the seal of the State to be affixed as well as the seal of the General Land Office."* (A true, correct copy of said

Texas State Land Patent is annexed herein as Exhibit A).

13. Upon information and belief, Defendant Calvin Cecil Carrington has been unlawfully possessing acres on parcel 2352 on my land.

14. Upon information and belief, Defendant Lazara Carrington has been unlawfully possessing acres on parcels 2378, 23934, and 23935 on my land.

15. Upon information and belief, Defendant Michael Moore has been unlawfully possessing acres on parcels 20583, 20584, and 20844 on my land.

16. Upon information and belief, Defendant Jeffrey L. Miller has been unlawfully possessing acres on parcels 5605 and 54524 on my land.

17. On June 9th, 1871, the Chambers County (formerly Liberty County) District Court Clerk certified my ancestors Preemption Homestead Affidavit, which stated: *"Before me, the undersigned, District Clerk, in and for the County aforesaid, this day came and personally appeared Zachariah Godfrey a resident citizen of said county, who being by me duly sworn, declares that he is a bona fide settler upon one hundred and sixty acres of vacant public land, situated in said county, and surveyed for him the said Zachariah Godfrey on the Thirteenth day of August 1867 by A.N.B. Tompkins, surveyor of said county; that he has occupied and improved the same as a homestead for a period of three consecutive years, beginning on the 30th day of August 1867, that he is the Head of a Family and that he makes this Affidavit for the purpose of obtaining a title to the same for a homestead under An Act supplementary to "An Act to regulate the Disposal*

*of the Public Lands of the State of Texas," approved March 24th 1871, and that he has not a homestead other than the above. And also at the same time came and personally appeared Uriah P. Stephenson and Adolphus Mayes two credible resident citizens of said county, to me well known, who being duly sworn, depose and say that Zachariah Godfrey, the person first named in this affidavit, has actually settled upon and cultivated as a homestead for the land surveyed for him on 30 day of August 1867 by the Surveyor aforesaid, for the period of three years, and they nor either of them have any interest in the said land..."* (A true and correct copy of said Homestead Affidavit application is annexed herein as Exhibit B).

18. My heirship succession to ownership interest in the October 17, 1871 Texas State Land Patent Number 221, Volume 39, is also reflected in the August 29, 2022 Deed and Affidavit in Support, which are both recorded in the Chambers County Court (A true certified copy of said Deed and Affidavit, with my genealogical records, are found at the Chambers County TX public search website).

19. In *Fletcher v. Peck*, Chief Justice Marshall stated: *"A contract is a compact between two or more parties, and is either executory or executed. An executory contract is one in which a party binds himself to do, or not to do, a particular thing; such was the law under which the conveyance was made by the Governor. A contract executed is one in which the object of contract is performed, and this, says Blackstone, differs in nothing from a*

*grant. The contract between Georgia and the purchasers were executed by the grant. A contract executed, as well as one which is executory, contains obligations binding on the parties. A grant, in its own nature amounts to an extinguishment of the right of the grantor, and implies a contract not to reassert that right. A party is therefore always estopped by his own grant...every grant is attended by 'an implied contract' on the part of the grantor not to claim again the thing granted. Thus, grants are brought within the category of contracts having continuing obligation...When a law is in the nature of a contract, when absolute rights have vested under that contract, a repeal of the law cannot divest those rights...A party to a contract cannot pronounce its own deed invalid, although that party be a sovereign State...A grant is a contract executed...A law annulling conveyances is unconstitutional because it is a law impairing the obligation of contracts within the meaning of the Constitution of the United States..."* See *Fletcher v. Peck*, 10 U.S. 87 (1810).

20. The United States Supreme Court held that *"...land received through a land patent remains with the grantee's heirs"...* (See *French's Lessee v. Spencer*, 62 U.S. 228, 232, 16 L. Ed. 97 (1858).

21. My title is good against the world, as an unbroken chain of title exists directly from the issuing Sovereign State of Texas directly to me as an heir.

## COUNT I – EJECTMENT

22. The foregoing paragraphs of the Complaint are incorporated by

reference as if fully set forth herein.

23. This count is a Trespass to Try Title action pursuant to Texas Code Title 4 Chapter 22.

24. I, Scott Brown, am the fee simple owner of the private patented lands, that are subject of this action, and hold superior legal title to said private patented lands pursuant to the October 17, 1871 Texas State Land Patent Number 221, Volume 39 issued to my ancestor Zachariah Godfrey and pursuant to the recorded Deed and Affidavit in Support.

25. I have a right to immediate possession of the said private patented lands as the fee simple owner and heir of the original patentee.

26. My right to possession of the subject private patented lands comes directly from the issuing sovereign State of Texas.

27. Defendants are in unlawful possession of my private patented lands.

28. Upon information and belief, Defendants may have been engaging in unauthorized gas and energy and/or other mineral operations on my private patented lands.

29. Upon information and belief, Defendants have generated millions of dollars during their unlawful possession of my private patented lands.

30. Upon information and belief, some Defendants may have leasing agreements with entities and/or individuals for the purpose of engaging in unauthorized gas and energy and/or other mineral operations.

31. The Defendants' unauthorized possession and use of my private

patented lands described herein have caused great injury to me by, among other things, preventing me from receiving my inheritance and preventing me from benefitting from the economic opportunities that would have provided financial stability and security to me and my children and my future grandchildren.

## PRAYER FOR RELIEF

32. **WHEREFORE,** Plaintiff prays for relief as follows:

An award in favor of Plaintiff against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' unlawful possession of my private patented lands and unauthorized engagement of gas and energy and/or other mineral operations in an exact amount that exceeds over $75,000 dollars and to be determined at trial, including:

(a) Respectfully request that this Honorable Court respect my substantial rights to a jury trial and to not prevent me from my right to conduct discovery;

(b) Grant Plaintiff any further relief that this Honorable Court deems appropriate.


Respectfully submitted,

Dated: September 28, 2023

                                             Scott Brown, *Pro Se*